IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**COTY TODD and COLT MCENTYRE,**     **PLAINTIFFS**
Each Individually and on behalf of all
Others Similarly Situated

vs.     No. 5:15-cv-674-RP

**ARKLATEX WIRELINE SERVICES, LLC;**     **DEFENDANT**
**ARKLATEX ENERGY SERVICES, LLC; and**
**PREDATOR PRESSURE CONTROL AND**
**CRANE SERVICES, LLC**

## PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION, FOR DISCLOSURE OF CONTACT INFORMATION, AND TO SEND NOTICES

COME NOW Plaintiffs Coty Todd and Colt McEntyre ("Plaintiffs"), each individually and on behalf of all others similarly situated, through undersigned counsel, for their Motion for Conditional Certification, for Disclosure of Contact Information, and for Court-Approved Notices state and allege as follows:

1. Plaintiffs brought this suit on behalf of all former and current Field Hands or Laborers employed by Defendants ArkLaTex Wireline Services, LLC, ("Wireline"), ArkLaTex Energy Services LLC ("Energy"), Predator Pressure Control and Crane Services, LLC ("Predator") (collectively "Defendants"), to recover overtime wages and other damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

2. Plaintiffs and potential class members worked at Defendant's operational districts in Texas after August 10, 2012.

Page 1 of 19
**Coty Todd, et al. v. ArkLaTex Wireline Service, LLC, et al**
**U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-674-RP**
**Motion for Conditional Certification, etc.**

3. Plaintiffs bring this case as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiffs ask this Court to conditionally certify the following class:

> **All former and current employees of Defendants who are or were employed as salaried Field Hands or Laborers anytime since August 10, 2012**.

4. Attached as Exhibits A and B, respectively, are the *Notice* and *Consent to Join* proposed by Plaintiffs for distribution in this case. The *Notice* and *Consent* make no comment on the merits of the case. The *Notice* is narrowly drawn to notify potential class members of the pending litigation, the composition of the class and their right to "opt in" to the litigation.

5. Plaintiffs request a period of ninety (90) days to distribute the *Notice* and file *Consent* forms with this Court and requests this Court to enter an Order directing Defendants to provide the names, last known home and work addresses, and email addresses of potential opt-in Plaintiffs no later than two (2) weeks after the date of the entry of the Order granting this Motion.

6. Plaintiffs request that this Court to permit them to provide the *Notice* to potential opt-in Plaintiffs via email as well as traditional U.S. mail, and that this Court permit Plaintiffs to distribute a reminder postcard via traditional U.S. Mail as well as a follow-up email.

7. Plaintiffs further request that this Court approve the inclusion of Plaintiffs' Original Complaint – Collective Action, or any amendments thereto, as well as Defendants' Answer thereto, if any, along with the *Notice*.

8. Plaintiffs also ask the Court to order Defendants to post the *Notice* at the district offices in the same areas in which it is required to post government-required

**Page 2 of 19**
**Coty Todd, et al. v. ArkLaTex Wireline Service, LLC, et al**
**U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-674-RP**
**Motion for Conditional Certification, etc.**

notices.

      9.     Plaintiffs incorporate the following Exhibits in support of the current Motion:

          A.     Proposed Notice of Right to Join Lawsuit ("*Notice*");

          B.     Proposed Consent to Join Collective Action ("*Consent to Join*");

          C.     Proposed Reminder Postcard ("*Postcard*");

          D.     Declaration of Attorney Josh Sanford;

          E.     Declaration of Coty Todd;

          F.     Declaration of Colt McEntyre; and

          G.     Proposed Order.

      10.    In compliance with LR 7(i), Plaintiffs advise the Court that the Motion cannot be said to be unopposed because the Motion will be served on Defendants contemporaneously with previously filed Complaint and any attorney for Defendants has yet to enter an appearance in the case. The relief requested in the Motion is sufficiently broad and detailed that it would be highly unusual if a pre-filing agreement with respect to all of it could be reached. Moreover, time is critical for the protection of the rights of potential opt-ins because the relief requested is pursuant to Section 216 of the FLSA, and, without tolling, the statute of limitations is running against future opt-ins.

**WHEREFORE**, premises considered, Plaintiffs pray that the Court conditionally certify the class proposed by Plaintiffs; that Defendants be ordered to provide the names and current and/or last known mailing and email addresses of all potential class members no later than two (2) weeks after the date of the entry of the Order granting this Motion; for approval and sending of the attached *Notice* and *Consent to Join* form, along with Plaintiffs' Complaint – Collective Action, or its any amended versions thereof,

**Page 3 of 19**
**Coty Todd, et al. v. ArkLaTex Wireline Service, LLC, et al**
**U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-674-RP**
**Motion for Conditional Certification, etc.**

and Defendants' Answer thereto, if any, to all potential class members; that Defendants post the same *Notice* at its District Offices; and that the Court grant counsel a period of ninety (90) days during which to distribute the *Notice* and to file opt-in Plaintiffs' *Consent* forms with this Court.

## **MEMORANDUM BRIEF IN SUPPORT**

Plaintiffs brought this suit on behalf of all former and current employees of Defendants who were employed as Field Hands or Laborers, whom received a weekly salary from Defendants, but whom were in fact non-exempt from the overtime requirement of the Fair Labor Standards Act (FLSA). Pursuant to 29 U.S.C. § 216(b), Plaintiffs file the above Motion for Conditional Certification as a representative of a Fair Labor Standards Act ("FLSA") class under 29 U.S.C. § 216(b) which provides:

> An action to recover the liability prescribed . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

Such actions are referred to as collective actions. District courts have the discretion, in appropriate cases, to issue orders authorizing notice to potential members of the collective action of the opportunity to "opt-in" to the action. Hoffman-La Roache Inc. v. Sperling, 493 U.S. 165, 169, 110 S.Ct. 482 (1989). Plaintiffs ask this Court to certify the following class:

> **All former and current employees of Defendants who are or were employed as salaried Field Hands or Laborers anytime since August 10, 2012**.

Wireline, Predator and Energy are national companies which provide products

Page 4 of 19
Coty Todd, et al. v. ArkLaTex Wireline Service, LLC, et al
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-674-RP
Motion for Conditional Certification, etc.

and services in the oil and gas industry, throughout the United States wherever fracking is a viable business. The corporate headquarters for Defendants are located in Shreveport, Louisiana. Defendants are each covered by the FLSA as an enterprise engaged in interstate commerce, utilizing goods that moved in interstate commerce, with annual gross revenues in excess of $500,000.00. Plaintiffs and members of the putative collective action class were/are employed by Defendants as weekly salaried Field Hands or Laborers after August 10, 2012.

Defendants uniformly violated the FLSA with respect to current and putative plaintiffs. Plaintiffs and putative plaintiffs were misclassified as exempt and paid a salary rather than an hourly wage. Therefore they were not paid overtime.

## I. COLLECTIVE ACTION STANDARD

In Hoffman-La Roche, the Supreme Court held that district courts have the discretion to certify a class and issue orders authorizing notice to potential members of a collective action of the opportunity to "opt-in." 493 U.S. at 169. The key issue is whether the persons to whom notice would go are "similarly situated" to Plaintiff. O'Brien v. Ed Donnelly Enters., Inc., 575 F.3d 567, 583 (6th Cir. 2009); Thiessen v. General Electric Capital Corp., 267 F.3d 1095 (10th Cir. 2001); 29 U.S.C. § 216(b).

"The Lusardi two-stage approach is the prevailing standard among federal courts," to determine whether class certification is appropriate and "is the standard most frequently used by [the Eastern District of Texas]." See Tice v. AOC Senior Home Health Corp., 826 F.Supp.2d 990 (E.D. Tex. 2011) (internal citations omitted); see also Neagley v. Atascosa County EMS, 2005 U.S. Dist. LEXIS 230 (W.D. Tex. Jan. 7, 2005); Lusardi v. Xerox, Corp., 118 F.R.D. 351 (D. N.J. 1987). Under Lusardi, collective action

Page 5 of 19
Coty Todd, et al. v. ArkLaTex Wireline Service, LLC, et al
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-674-RP
Motion for Conditional Certification, etc.

certification is divided into two phases: (1) the notice stage; and (2) the opt-in, or merits, stage. Mooney v. Aramco Servs. Co., 54 F. 3d 1207, 1213-1214 (5th Cir. 1995). In the notice stage, a court determines whether the plaintiff has provided sufficient evidence of similarly-situated plaintiffs to warrant court-facilitated notice. Valcho v. Dallas Cnty. Hosp. Dist., 574 F.Supp.2d 618, 621 (N.D. Tex. 2008). If so, the court "conditionally certifies" the class and facilitates notice to the potential plaintiffs. Id. The standard is "fairly lenient" and usually results in conditional certification. Mooney, 54 F.3d at 1213. After discovery and opt-in periods have taken place, the court reexamines the class, typically in response to a motion for decertification. Valcho, 574 F.Supp.2d at 621.

"Because a Motion for conditional certification usually occurs early in the case and, thus, the court has minimal evidence before it, the determination is made using a fairly lenient standard requiring nothing more than substantial allegations that the putative class members were victims of a single decision, policy or plan." Tice, 826 F.Supp.2d at *995 (citing Mooney, 54 F.3d at 1214). A plaintiff need only show that his position is similar to the potential plaintiffs, not identical. Id; Watson v. Travis Software Corp., 2008 U.S. Dist. LEXIS 94824, *5 (S.D. Tex. 2008). The issue is whether potential class members performed the same basic tasks and were subject to the same pay practices. Allen v. McWane, Inc., 2006 U.S. Dist. LEXIS 81543, *3 (E.D. Tex. 2006).

Because discovery usually has not been conducted at the first stage, courts do not review the underlying merits of the action in determining whether to grant conditional certification. Vanzzini v. Action Meat Distributors, Inc., No. H-11-4173, 2012 U.S. Dist. LEXIS 73905, *5 (S.D. Tex. May 29, 2012). "The conditional class certification stage is not an opportunity for the court to assess the merits of the claim by deciding factual

**Page 6 of 19**
**Coty Todd, et al. v. ArkLaTex Wireline Service, LLC, et al**
**U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-674-RP**
**Motion for Conditional Certification, etc.**

disputes or making credibility determinations." Luvianos v. Gratis Cellular, Inc., No. H-12-1067, 2012 U.S. Dist. LEXIS 183027, *20 (S.D. Tex. Dec. 10, 2012).

This case is at the notice stage and is subject to the more lenient standard based solely on pleadings and affidavits. Neagley v. Atascosa County EMS, SA-04-CA-893-XR (W.D. Tex. Jan. 7, 2005). The pleadings and attached exhibits show there are many other individuals similarly situated to Plaintiffs. Every putative plaintiff was subject to Defendants' universal policies of misclassification under the FLSA, and working them far more than forty hours per week without overtime compensation as required by the FLSA.

## II.     ARGUMENT

### 2.1.   Field Hands or Laborers Employed by Defendants are Similarly Situated, Respectively, under the FLSA.

Although the Fifth Circuit has not ruled on the appropriate test to use at the notice stage, district courts within the Fifth Circuit agree that two elements are relevant to the determination of whether individuals are similarly situated for purposes of conditional certification, namely:

> (1) whether there is a reasonable basis for crediting the assertion that aggrieved individuals exist; and (2) whether those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted.

Luvianos, 2012 U.S. Dist. Lexis 183027, *14 and Guillory v. PF&B Management, LP, No. H-11-4377, 2012 U.S. Dist. LEXIS 151505, *11 (S.D. Tex. Sept. 14, 2012). Some courts consider a third element—whether plaintiffs have shown that similarly situated individuals "want" to opt in to the lawsuit. Id. But, the recent trend among district courts in Texas is to reject the third, non-statutory element. In Luvianos, the court rejected the

Page 7 of 19
Coty Todd, et al. v. ArkLaTex Wireline Service, LLC, et al
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-674-RP
Motion for Conditional Certification, etc.

third element because 1) the element is not a statutory requirement at the notice stage; 2) the court was unable to locate any higher court opinion which required, or even discussed, the third element; 3) unlike under F.R.C.P. 23, there is no numerosity requirement under the FLSA collective action procedures; and 4) the element "is dissonant with the Supreme Court's directive that the FLSA be liberally construed to effect its purposes." 2012 U.S. Dist. Lexis 183027, *15-16; see also Guillory, 2012 U.S. Dist. LEXIS 151505, *11-14; Jesiek v. Fire Pros, Inc., 275 F.R.D. 242 (W.D. Mich. 2011); Villarreal v. St. Luke's Episcopal Hospital, 751 F.Supp.2d 902, 915 (S.D. Tex. 2010).

This Court should decline to consider the third, non-statutory element, although Plaintiffs have exceeded any evidentiary requirements it would impose. The elements articulated in Luvianos support a finding that all salaried Field Hands or Laborers employed by Defendants are similarly situated.

### A. There is a Reasonable Basis to Believe Other Aggrieved Individuals Exist.

Defendants operate a business providing products and services in the oil and gas industry throughout the United States.[1] Defendants have a company-wide policy of classifying their Field Hands or Laborers as exempt and paying them a salary without overtime premiums. Todd Decl. ¶ 11 (Ex. E), McEntyre Decl. ¶ 11 (Ex. F). Regardless of how they were paid, Defendants uniformly required Field Hands or Laborers to work

---

[1] *See* Wireline Website stating that "Headquartered in Shreveport, Louisiana, ARKLATEX is a leading independent provider of cased hole wireline, pressure control and related completion services in many of the most active oil & natural gas plays in North America. We have offices in Shreveport, LA, Conway, AR, Perryopolis, PA, Hobbs, NM, and Lytle, Odessa, Tyler, Alice and Weatherford, TX" http://arklatex.com/ (last visited Aug. 18, 2015), see Energy website stating that "we are based in Shreveport, LA, but we proudly serve customers in over a dozen states. Some of the states we operate in include:Arkansas, Colorado, Louisiana, Mississippi, NewMexico, NewYork, Ohio, Oklahoma, Pennsylvania, Texas, Utah, West Virginia, and Wyoming." http://www.arklatexenergyservices.com/ (last visited August 18, 2015).

Page 8 of 19
Coty Todd, et al. v. ArkLaTex Wireline Service, LLC, et al
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-674-RP
Motion for Conditional Certification, etc.

hours in excess of forty (40) per week, frequently as much as 80-105 hours per week. Todd Decl. ¶ 10 (Ex. E), McEntyre Decl. ¶ 10 (Ex. F). Plaintiffs' job duties and working hours remained the same at all job sites, and no new training or orientation was required when transferring between locations. Todd Decl. ¶ 5-9, 14, 16 (Ex. E), McEntyre Decl. ¶ 5-9, 14, 16 (Ex. F).

Finally, through conversations with other Field Hands or Laborers, it is apparent to Plaintiffs that other Field Hands or Laborers would be interested in joining this lawsuit. Todd Decl. ¶ 20 (Ex. E), McEntyre Decl. ¶ 20 (Ex. F). Therefore, the first Lusardi element weighs in favor of granting Plaintiffs' Motion for Conditional Certification.

B.  The Proposed Classes are Similarly Situated as to Pay and Job Duties.

Within their respective classes, Plaintiffs and putative class members share the same titles, performed the same job duties, and were subject to the same expectations. Defendants refer to class members using common titles, specifically Field Hands or Laborers, suggesting that these individuals performed similar job duties. Plaintiffs have confirmed this similarity. The primary job duties of Field Hands or Laborers were to assist in fracking oil and gas wells and to operate wire line and other fracking equipment at the wells. Todd Decl. ¶ 5-9 (Ex. E), McEntyre Decl. ¶ 5-9 (Ex. F). Thus, this factor weighs in favor of certification.

Plaintiffs' experiences across Defendants' locations further confirms the similarly-situated status of the class members. The job duties performed by Plaintiffs were the same in all of the locations where they worked. Todd Decl. ¶ 5-9, 14, 16 (Ex. E), McEntyre Decl. ¶ 5-9, 14, 16 (Ex. F). Other courts have relied on the fact that employees worked in multiple locations in granting conditional certification. In Smith v.

Page 9 of 19
Coty Todd, et al. v. ArkLaTex Wireline Service, LLC, et al
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-674-RP
Motion for Conditional Certification, etc.

Frac Tech Services, LTD., the Eastern District of Arkansas certified a nationwide class of individuals employed as "field engineers," stating that "[t]he fact that Frac Tech could and did consistently send Field Engineers to work in districts other than their home district is further evidence that the duties of Field Engineers were substantially similar throughout the country." 2010 U.S. Dist. LEXIS 18657, at *12. Similarly, in Deane v. Fastenal Co., the Northern District of California certified a nationwide class of "General Managers" based on the declarations of just two former employees. No. 11-42, 2011 U.S. Dist. LEXIS 131178 (N.D. Cal. Nov. 14, 2011). The Deane court stated that it found "particularly persuasive the fact that plaintiffs worked at multiple stores in multiple states, and thus have personal knowledge of the similarities between the stores." Id. at *11.

Plaintiffs and the putative class members are also all similarly situated with respect to pay, earning a weekly salary. Todd Decl. ¶ 11 (Ex. E), McEntyre Decl. ¶ 11 (Ex. F). All hiring decisions and pay policies were handled through Defendants' corporate headquarters. Todd Decl. ¶ 21 (Ex. E), McEntyre Decl. ¶ 21 (Ex. F). Also, the job duties of Plaintiffs and the proposed class inevitably required more than forty hours per week. Todd Decl. ¶ 10 (Ex. E), McEntyre Decl. ¶ 10 (Ex. F).

Although Plaintiffs need only show that their positions were similar, not identical, to those of the putative collective action members, the evidence demonstrates that Plaintiffs and putative class members are practically identically situated. See Luvianos, 2012 U.S. Dist. LEXIS 183027, *24. Therefore, the second element of the Lusardi test weighs strongly in favor of conditional certification of the classes proposed by Plaintiffs. In fact, conditional certification on highly similar facts was previously granted in the Eastern District of Texas. Joseph Gauthier, et al., v. TriCan Well Services Ltd., 6:13-cv-

Page 10 of 19
Coty Todd, et al. v. ArkLaTex Wireline Service, LLC, et al
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-674-RP
Motion for Conditional Certification, etc.

46-LED (E.D. Tex. Oct. 7, 2013). In Gauthier, the Hon. Leonard Davis presiding, granted conditional certification of a nationwide class of "Field Engineer" employees who claimed they were misclassified by their employer, Trican Well Service, L.P., a pressure pumping company. Id. The case was certified even though only one plaintiff appeared at the beginning of the case, and only offered the sworn testimony of that one plaintiff at the time that the motion for conditional certification was filed. Id.

### 2.2. The Court Should Approve and Allow the Distribution of Plaintiffs' Collective Action Notice and Consent to Join.

The Court should authorize collective notice at this stage of litigation as it would advance the remedial goals of the FLSA and promote judicial efficiency. Courts favor collective actions where a plaintiff can establish that common issues of law and fact exist and arise from the same alleged activity, as a collective action proceeding "reduce[s] litigation costs for the individual plaintiffs and create[s] judicial efficiency." Ryan v. Staff Care, Inc., 497 F.Supp.2d 820, 823 (N.D. Tex. 2007) (quoting Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989). "The collective action tool allows plaintiffs 'the advantage of lower individual costs to vindicate rights by the pooling of resources.'" McCarragher v. The Ryland Group, Inc., No. 3-11-55, 2012 U.S. Dist. LEXIS 146464, *7 (S.D. Tex. Oct. 11, 2012) (quoting Hoffman La-Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989). Because collective actions are "opt-in," these benefits are only available if "employees receive accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." Id.

Plaintiffs have carried the notice stage's lenient burden of demonstrating the existence of two similarly situated classes of individuals who were denied their rights

Page 11 of 19
Coty Todd, et al. v. ArkLaTex Wireline Service, LLC, et al
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-674-RP
Motion for Conditional Certification, etc.

under the FLSA. In Hoffman-La Roche, the Supreme Court held that such notice should be sent in the early stages of litigation, noting the "wisdom and necessity" of early court involvement in managing opt-in cases and facilitating notice. 493 U.S. at 171. Allowing plaintiffs to proceed collectively benefits individuals by pooling resources and the judicial system by allowing efficient resolution of common issues of law and fact. Id. at 170.

Sending court-approved notice early in a case promotes the "broad remedial purpose" of the FLSA and efficient management by insuring that similar cases are combined in one proceeding. Dybach v. Florida Dep't of Corrections, 942 F.2d 1562, 1567 (11th Cir. 1991); White v. Osmose, 204 F.Supp.2d 1309, 1312 (M.D. Ala. 2002); Hoffman v. Sbarro Corp., 982 F.Supp. 249, 262 (S.D.N.Y. 1997) ("Courts have endorsed the sending of notice early in the proceedings, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management."). The purpose of judicial notice in collective action cases is to protect the claims of potential plaintiffs, who must opt-in to stop the statute of limitations. Notice informs potential plaintiffs "of the facts needed to make an informed decision whether to opt-in." Fisher v. Michigan Bell Telephone Company, 665 F. Supp. 2d 819, 829 (E.D. Mich. 2009). While there are no well-defined rules for the form of notice, the general requirement is that the notice must be fair and accurate. See e.g., Id; Heckler v. DK Funding, LLC, 502 F. Supp. 2d 777, 780 (N.D. Ill 2007).

The *Notice* (Ex. A) and *Consent to Join* (Ex. B) proposed by Plaintiffs provide a fair and accurate description of the classes and would further the remedial goals of the FLSA and promote judicial efficiency. Plaintiffs request that the Court grant a period of ninety (90) days during which to distribute *Notice* and file opt-in Plaintiffs' consent forms

Page 12 of 19
Coty Todd, et al. v. ArkLaTex Wireline Service, LLC, et al
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-674-RP
Motion for Conditional Certification, etc.

with the Court. Many of the potential class members may have current addresses and phone numbers that may differ from Defendants' records, and as oil field workers, the putative class members are often away from home for long stretches of time. Todd Decl. ¶ 10 (Ex. E), McEntyre Decl. ¶ 10 (Ex. F).

In order to offer potential plaintiffs a meaningful opportunity to join this suit, Plaintiffs' counsel will need at least ninety (90) days to locate and effectively send notice to class members. Plaintiffs also ask the Court to order Defendants to post the notice at the district offices in the same areas in which it is required to post government-required notices to ensure current employees receive notice of the lawsuit, even if they have not kept their addresses up-to-date.

Plaintiffs further request that they be permitted to provide putative class members with notice via email to any email accounts maintained by putative class members. Email is a commonly-utilized, appropriate and efficient manner of communicating with Plaintiffs and putative class members. In order to facilitate the most efficient and inclusive notice of FLSA collective actions, district courts in Arkansas have ordered that notices be distributed by mail, email, and news media, and that notices be posted conspicuously in class members' workplaces. Texas should be no different. In <u>Lopez v. Ozark Mountain Poultry, Inc.</u>, for example, the court held that "utilizing Defendants' email system to notify employees of alleged violations of federal wage-and-hour committed by their employer is, by definition, a purpose related to the business itself," and therefore an appropriate use of an FLSA defendant's email system. W.D. Ark. Case No. 5:13-cv-5272-TLB, Doc. 34, 9 n. 4 (6/17/2014).

In a case where the defendant had no business email system, Courts have

Page 13 of 19
Coty Todd, et al. v. ArkLaTex Wireline Service, LLC, et al
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-674-RP
Motion for Conditional Certification, etc.

ordered the disclosure of any personal email addresses of potential class members of which the defendant was aware, and further permitted notice through an advertisement on Facebook. Bonton, W.D. Ark. Case No. 6:14-cv-6074-RTD, Doc. 12, 6-7. In both Lopez and Bonton, the Western District of Arkansas also permitted Plaintiffs to send a follow-up postcard to potential opt-in plaintiffs who did not respond within thirty (30) days of the distribution of the court-approved notice. Lopez, W.D. Ark. Case No. 5:13-cv-5272-TLB, Doc. 34, 9-9; Bonton, W.D. Ark. Case No. 6:14-cv-6074-RTD, Doc. 12, 8.

Additional service by email, made by Plaintiffs' counsel, will not be a burden on Defendants or its counsel, but instead will very minimally burden Plaintiffs' counsel, who is willing to take the task on. Furthermore, additional notice by email will do no harm; instead, it will further the central purpose of sending out the purpose by traditional U.S. Mail: giving the putative class members *actual* notice of these proceedings so that they can make an informed decision about whether to participate.  Plaintiffs concede that secondary notice by email is not the norm in the Fifth Circuit, but Plaintiffs do not concede that it should not be the norm. It should. The Notice process that is now decades-old can and should be modernized, but not at the expense of abandoning traditional means of transmission to the putative class members.

Further, the type of work performed by Plaintiffs and putative class members requires these individuals to be in the field (i.e. away from home) at the customer location for extended periods of time. Todd Decl. ¶ 6  (Ex. E), McEntyre Decl. ¶ 6(Ex. F). Under these circumstances, sending notice via regular mail alone is an inefficient, if not an outright tenuous means of communication.

In fact, Defendants regularly use the putative class members' own personal email

Page 14 of 19
Coty Todd, et al. v. ArkLaTex Wireline Service, LLC, et al
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-674-RP
Motion for Conditional Certification, etc.

accounts to communicate with Plaintiffs. Todd Decl. ¶ 22 (Ex. E), McEntyre Decl. ¶ 22 (Ex. F). Even if Plaintiffs and putative class members did not have such unusual working conditions, communication via email is a commonly accepted means of communication these days. In fact, an Arkansas district court in <u>Cummings v. Bost, Inc.</u> authorized the sending of notice via email even when the putative class members were not subject to the unusual working conditions of Plaintiffs herein. <u>Cummings v. Bost, Inc.</u> U.S.D.C. Case No. 2:14-cv-2090-PKH, *13– 14 (W.D. Ark. April 13, 2015). Tellingly, the putative class members in <u>Cummings</u> worked *in their very own homes*. This Court may take judicial notice of the fact that email has in some ways replaced correspondence by traditional U.S. Mail, or at least is encroaching upon the territory once inhabited almost exclusively by the Postal Service.

Plaintiffs also request that this Court grant them permission to include a copy of Plaintiffs' Complaint—Collective Action, or any subsequent amendment thereto, along with the *Notice*, and Defendants should be given the courtesy of having included any Answer to the same that it may file with the Court, if it so requests. The purpose of including such pleadings is to provide putative class members with more specific information regarding the case without cluttering up the *Notice* with the parties' relative positions, meaning those putative class members who are not interested in the current lawsuit are not forced to read through excessive amounts of information while perusing the *Notice*, but those putative class members who are interested have basic additional information at their fingertips. Putative class members will more readily be able to make an informed decision about whether to join the lawsuit. Moreover, since Plaintiffs bear the initial cost of providing notice in FLSA cases, there will be no additional financial

Page 15 of 19
Coty Todd, et al. v. ArkLaTex Wireline Service, LLC, et al
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-674-RP
Motion for Conditional Certification, etc.

burden on Defendants or the judicial system in including these two pleadings along with the *Notice*.

Finally, Plaintiffs request that the Court to allow Plaintiffs' counsel to send a follow-up *Postcard* via regular U.S. Mail and a follow-up email to any class members who have not responded thirty (30) days after the mailing of the initial *Notice*. Postcard (Ex. C). Due to Plaintiffs' counsel's experience and knowledge of mail delivery problems from other collective action FLSA cases, this *Postcard* would provide a fair and equitable solution to ensure that all members of the proposed class who want to join the lawsuit are able to, and this would not cause unfair prejudice to Defendants. See Declaration of Attorney Josh Sanford (Ex. D). A reminder postcard has been authorized by other Courts, including Cummings v. Bost, Inc., U.S.D.C. Case No. 2:14-cv-2090-PKH, *8– 9 (W.D. Ark. April 13, 2015). Lopez, et al v. Ozark Mountain Poultry, Inc., et al, U.S.D.C. Case No. 5:13-cv-5272-TLB (W.D. Ark. June 17, 2014).

### 2.3. The Court Should Order Defendants to Provide the Names and Last Known Home, Work, and Email Addresses of Potential Opt-in Plaintiffs in an Appropriate Importable Electronic Format.

To facilitate the sending of the *Notice* and *Consent* forms, Plaintiffs ask this Court for an Order directing Defendants to disclose, in a useful format such as an Excel spreadsheet, all contact information for those who meet the definition of the proposed collective class. If not via an Excel spreadsheet, the information should be in some other importable and malleable electronic format. This includes but is not limited to: (1) the names of each and every potential plaintiff employed by Defendants any time after August 10, 2012, including any known aliases they may have gone by or go by now; (2) the last known home and work addresses of the employee for the same time period;

Page 16 of 19
Coty Todd, et al. v. ArkLaTex Wireline Service, LLC, et al
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-674-RP
Motion for Conditional Certification, etc.

and (3) email addresses. Because potential plaintiffs may have current addresses and phone numbers that differ from Defendants' records, direct mailing, emailing, and workplace posting are necessary and cost-effective ways to provide notice to potential opt-ins.

In Hoffman-La Roche, the Supreme Court held that it was appropriate for the district court to permit disclosure of the names and addresses of possible opt-in plaintiffs. 493 U.S. at 170. Trial courts routinely order disclosure of the names and addresses of potential opt-in plaintiffs in conjunction with authorizing notice. Id. As such, Plaintiffs ask that the Court order Defendants to produce the full names, dates of employment, and the last known work and home physical and email addresses of all those who meet the proposed class definition, no later than two (2) weeks after the date of the entry of the Order Granting Conditional Certification.

Plaintiffs also ask the Court to order Defendants to provide dates of birth and partial social security numbers for any class members whose U.S.P.S.-mailed Notice is returned as undeliverable to assist in locating the correct address for those members so that they receive notice. Davis v. Abercrombie & Fitch Co., 08 Civ. 1859 (PKC), 2008 WL 4702840, 12 (S.D.N.Y. Oct. 23, 2008); Lynch v. United Services Auto. Ass'n, 491 F.Supp.2d 357, 371-72 (S.D.N.Y. 2007); Perrin v. Papa John's International, Inc., U.S.D.C. Case No. 4:09-cv-1335-AGF (E.D. Mo. Oct. 11, 2011) ("The better course is to determine what constitutes fair and proper notice based on the facts of each case… At this stage of the litigation, justice is most readily served by notice reaching the largest number of potential plaintiffs." (internal citations and quotation marks omitted)).

Page 17 of 19
Coty Todd, et al. v. ArkLaTex Wireline Service, LLC, et al
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-674-RP
Motion for Conditional Certification, etc.

### III. CONCLUSION

Plaintiffs' burden at this stage is lenient and easily met. <u>Neagley v. Atascosa County EMS</u>, SA-04-CA-893-XR (W.D. Tex. Jan. 7, 2005). The attached exhibits provide ample factual basis to support conditional certification. As Field Hands or Laborers employed by Defendants, Plaintiffs and putative class members were uniformly subject to the same policies of Defendants which led to the violations of the FLSA alleged herein. For these reasons, Plaintiffs respectfully request that this Court: (1) certify the class as described above; (2) order Defendants to produce the contact information of those putative class members, no later than two weeks after the date of the entry of the Order; (3) approve the *Notice* and *Consent* to join attached hereto; (4) approve the sending of the *Notice* and *Consent*, and Plaintiffs' Complaint and Defendants' Answer, if any, as set forth herein; (5) approve the sending of the *Postcard* as set forth herein; and (5) grant counsel a period of ninety (90) days from the date Defendants fully and completely release the potential class members' contact information during which to distribute the *Notice* and to file *Consent* forms.

Respectfully submitted,

**COTY TODD and COLT McENTYRE, Each Individually and on behalf of Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By:   */s/ Josh Sanford*
Josh Sanford
Texas. Bar No. 24077858
josh@sanfordlawfirm.com

Page 18 of 19
Coty Todd, et al. v. ArkLaTex Wireline Service, LLC, et al
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-674-RP
Motion for Conditional Certification, etc.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was electronically filed with the Clerk for the U.S. District Court, Western District of Texas, San Antonio Division, on August 20, 2015, using the Electronic Case Filing system of the Court.

A true and correct electronic copy of the Motion is to be delivered by the ECF system to all parties of record. A copy of the foregoing document will also be served on Defendants simultaneously with serving Plaintiffs' Complaint - Collective Action filed in this case.

/s/ Josh Sanford
**Josh Sanford**

**Page 19 of 19**
**Coty Todd, et al. v. ArkLaTex Wireline Service, LLC, et al**
**U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-674-RP**
**Motion for Conditional Certification, etc.**